**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Civil Action No. ____________ |
| v. | ) | **COMPLAINT** |
| DENTSU INTERNATIONAL AMERICAS, LLC | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under the Pregnant Workers Fairness Act, 42 U.S.C. § 2000gg *et seq*. ("PWFA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices because of pregnancy and related medical conditions and to provide appropriate relief to the Aggrieved Individual who was adversely affected by such practices. As described with greater particularity below, Dentsu International Americas, LLC ("Defendant") denied employment opportunities to the Aggrieved Individual when it failed to hire her because of her pregnancy and/or need for leave to recover from childbirth. All of the alleged conduct was in violation of the PWFA and Title VII.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 104 of the PWFA, 42 U.S.C. § 2000gg-2(a), Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the PWFA and Title VII, and is expressly authorized to bring this action pursuant to Section 104(a) of the PWFA, 42 U.S.C. § 2000gg-2(a) and Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware corporation, has continuously been doing business in the State of Minnesota and the City of Minneapolis, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 102(2)(B)(i) of the PWFA, 42 U.S.C. § 2000gg(2)(B)(i) and Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section 102(2) of the PWFA, 42 U.S.C. § 2000gg(2).

ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 520-2024-03472 was filed with the EEOC alleging violations of the PWFA and Title VII by Defendant.

8. On January 21, 2026, the EEOC issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the PWFA and Title VII by discriminating against the Aggrieved Individual based on her sex and pregnancy when Defendant denied her an employment position.

9. The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The EEOC engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

12. On March 18, 2026, the EEOC issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. Defendant is an advertising and marketing firm with U.S. headquarters in New York, New York.

15. In or around July 2022, the Aggrieved Individual began working for a related company affiliated with Defendant in the Minneapolis, Minnesota area as a part-time Brand Ambassador.

16. In or around January 2023, the Aggrieved Individual became a Lead Brand Ambassador for the affiliated company.

17. In or around October 2023, the Aggrieved Individual applied for a full-time Experiential Production Producer position with Defendant.

18. The Experiential Production Producer position was responsible for coordinating the promotion of Defendant's clients' brands at live events in the Minneapolis area, including managing the work of Brand Ambassadors.

19. As relevant to the Experiential Production Producer position, Defendant was

promoting alcoholic beverage brands.

20. The position was a remote work position that required the selectee to be located in the Minneapolis, Minnesota area.

21. Had she been selected for the position, the Aggrieved Individual would have worked for Defendant remotely from her home in Winsted, Minnesota.

22. The Aggrieved Individual completed a screening interview with a Talent Acquisition Business Partner, who determined that the Aggrieved Individual met the minimum qualifications for the position.

23. The Aggrieved Individual was one of five candidates selected for a first-round interview with the Experiential Production Director who was the hiring manager for the position.

24. The Aggrieved Individual was one of two finalists selected for a second-round interview with a second Experiential Production Director.

25. On November 13, 2023, the day before her second-round interview, the Aggrieved Individual informed the hiring manager that she was pregnant with a due date in April 2024 and would need to take maternity leave if she were selected for the position.

26. On or around November 17, 2023, Defendant offered the position to a male candidate, and he accepted the position.

27. The male candidate who was selected for the position was less qualified for the Experiential Production Producer position than the Aggrieved Individual.

28. In or around March 2024, the hiring manager was asked by another employee why she selected the male candidate for the position instead of the Aggrieved Individual, and the hiring manager stated that the Aggrieved Individual's "lifestyle didn't fit" the position.

## STATEMENT OF CLAIMS

29. Since approximately November 2023, Defendant has engaged in unlawful employment practices in violation of Section 103(3) of the PWFA, 42 U.S.C. § 2000gg-1(3), by denying employment opportunities to the Aggrieved Individual because of Defendant's need to make reasonable accommodations for the Aggrieved Individual's known limitations related to her pregnancy, childbirth, or related medical conditions. Specifically, Defendant failed or refused to hire the Aggrieved Individual for an Experiential Production Producer position because the Aggrieved Individual was pregnant and would need leave to recover from childbirth.

30. Since approximately November 2023, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by failing or refusing to hire the Aggrieved Individual because of her sex. Specifically, Defendant failed or refused to hire the Aggrieved Individual for an Experiential Production Producer position because of the Aggrieved Individual's pregnancy.

31. The unlawful employment practices complained of above were intentional.

32. The unlawful employment practices complained of above were done with malice or with reckless indifference to the Aggrieved Individual's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from failing to make reasonable accommodations to the known limitations related to a qualified employee's pregnancy, childbirth, or related medical conditions.

B. Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, and all persons in active concert or participation with Defendant, from denying employment opportunities to, or taking adverse actions against, a qualified applicant or employee because of that individual's sex, pregnancy, or request or use of a reasonable accommodation to the known limitations related to the employee's pregnancy, childbirth, or related medical conditions, or because of the need to make such an accommodation.

C. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals under the PWFA and Title VII and that eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make the Aggrieved Individual whole by providing appropriate back pay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement of the Aggrieved Individual.

E. Order Defendant to make the Aggrieved Individual whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make the Aggrieved Individual whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay the Aggrieved Individual punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

H. Order Defendant to pay the Aggrieved Individual's prejudgment interest.

I. Grant such further relief as the Court deems necessary and proper to the public

interest.

J. Award the EEOC its costs of this action.

JURY TRIAL DEMANDED

The EEOC requests a jury trial on all questions of fact raised by its Complaint that do not relate solely to equitable relief.

Dated: August 26, 2026

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

CATHERINE ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C., 20507

GREGORY GOCHANAUR
Regional Attorney
Chicago District Office

JUSTIN MULAIRE
Assistant Regional Attorney
Chicago District Office

*s/ Elizabeth B. Banaszak*_______
ELIZABETH B. BANASZAK
Illinois Bar No. 6299035
Trial Attorney
Chicago District Office
230 S Dearborn, Suite 2020
Chicago, IL 60604
Telephone: (312) 872-9676
E-mail: Elizabeth.Banaszak@eeoc.gov